1  KAREN MATTESON, Cal. Bar No. 102103
   Email: mattesonk@sec.gov
2  DONALD W. SEARLES, Cal. Bar No. 135705
   Email: searlesd@sec.gov
3
   Attorneys for Plaintiff
4  Securities and Exchange Commission
   Rosalind R. Tyson, Regional Director
5  Michele Wein Layne, Associate Regional Director
   John M. McCoy III, Regional Trial Counsel
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036
7  Telephone: (323) 965-3998
   Facsimile: (323) 965-3908

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

SEP 29 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

JS6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN V. COTTON,<br><br>Defendant. | Case No. SACV 06-905 AG (ANx)<br><br>**CONSENT OF DEFENDANT STEVEN V. COTTON** |

1. Defendant Steven V. Cotton ("Defendant") acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins Defendant from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), and Sections 10(b) and 13(b)(5) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) & 78m(b)(5), and Rules 10b-5, 13b2-1 and 13b2-2(a) thereunder, 17 C.F.R. §§ 240.10b-5, 240.13b2-1 & 240.13b2-2(a), and aiding and abetting violations of Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(a), 78m(b)(2)(A) & 78m(b)(2)(B), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13;

(b) orders Defendant to pay disgorgement in the amount of $344,976.98, plus prejudgment interest thereon in the amount of $62,629.03; and

(c) orders Defendant to pay a civil penalty in the amount of $120,000.00 under Section 20(d)(1) of the Securities Act, 15 U.S.C. § 77t(d)(1), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3); and

///

1

(d) bars Defendant, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), from serving as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d), for a period of ten years.

3. Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

///

8.   Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9.   Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10.   Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the Complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

///
///
///
///

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 9-21-09

_____
Steven V. Cotton

Approved as to form:

_____
Michael D. Dempsey
Arlene M. Turinchak
Dempsey & Johnson, PC
1880 Century Park East, Suite 546
Los Angeles, CA 90067-1605
(310) 551-2300

5

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On September 22, 2009, I caused to be served the document entitled **CONSENT OF DEFENDANT STEVEN V. COTTON** on all the parties to this action addressed as stated on the attached service list:

[ ] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X] **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ] **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Date: September 22, 2009          /s/ Karen Matteson
                                  Karen Matteson

1

<u>SEC v. STEVEN V. COTTON</u>
United States District Court – Central District of California
Case No. SACV 06-905 AG (ANx)
LA-2611

## SERVICE LIST

Michael D. Dempsey, Esq.
Arlene M. Turinchak, Esq.
Dempsey & Johnson, PC
1880 Century Park East, Suite 516
Los Angeles, CA 90067-1605
Telephone: (310) 551-2300
Facsimile: (310) 551-2301
Email: mdempsey@dempseyjohnson.com
Email: aturinchak@dempseyjohnson.com
***Attorneys for Defendant Steven V. Cotton***

KAREN MATTESON, Cal. Bar No. 102103
Email: mattesonk@sec.gov
DONALD W. SEARLES, Cal. Bar No. 135705
Email: searlesd@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN V. COTTON,<br><br>Defendant. | Case No. SACV 06-905 AG (ANx)<br><br>**FINAL JUDGMENT AGAINST STEVEN V. COTTON** |

The Securities and Exchange Commission having filed a Complaint and Defendant Steven V. Cotton having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 promulgated thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13, by knowingly providing substantial assistance to an issuer in filing with the Commission required periodic reports which fail to include material information necessary to make the required statements, in light of the circumstances under which they are made, not misleading.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained

2

and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A), by knowingly providing substantial assistance to an issuer in failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer, and from violating Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1, by directly or indirectly falsifying or causing to be falsified, any book, record or account subject to Section 13(b)(2)(A).

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by knowingly providing substantial assistance to an issuer in failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

    a. transactions are executed in accordance with management's general or specific authorization;

    b. transactions are recorded as necessary (i) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (ii) to maintain accountability for assets;

    c. access to assets is permitted only in accordance with management's general or specific authorization; and

    d. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

///

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5), by knowingly circumventing or knowingly failing to implement a system of internal accounting controls, or by knowingly falsifying any book, record or account described in Section 13(b)(2) of the Exchange Act.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13b2-2(a), 17 C.F.R. § 240.13b2-2(a), by:

    a. making or causing to be made materially false or misleading statements to accountants in connection with; or

    b. omitting to state, or causing another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements are made, not misleading, to an accountant in connection with:

        i. any audit, review or examination of the financial statements of the issuer required to be made; or

        ii. the preparation or filing of a document or report required to be filed with the Commission.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

1  Defendant is liable for disgorgement of $344,976.98, representing profits gained
2  as a result of the conduct alleged in the Complaint, together with prejudgment
3  interest thereon in the amount of $62,629.03, for a total of $407,606.01. Defendant
4  shall satisfy this obligation by paying the $407,606.01 within twenty-one (21)
5  calendar days after entry of this Final Judgment by certified check, bank cashier's
6  check, or United States postal money order payable to the Securities and Exchange
7  Commission. The payment shall be delivered or mailed to the Office of Financial
8  Management, Securities and Exchange Commission, Operations Center, 6432
9  General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be
10 accompanied by a letter identifying Steven V. Cotton as the defendant in this
11 action; setting forth the title and civil action number of this action and the name of
12 this Court; and specifying that payment is made pursuant to this Final Judgment.
13 Defendant shall pay post-judgment interest on any delinquent amounts pursuant to
14 28 USC § 1961. The Commission shall remit the funds paid pursuant to this
15 paragraph to the United States Treasury.

## IX.

17 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
18 Defendant shall pay a civil penalty in the amount of $120,000.00 pursuant to
19 Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the
20 Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall make this payment within
21 ninety (90) calendar days after entry of this Final Judgment by certified check,
22 bank cashier's check, or United States postal money order payable to the Securities
23 and Exchange Commission. The payment shall be delivered or mailed to the
24 Office of Financial Management, Securities and Exchange Commission,
25 Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia
26 22312, and shall be accompanied by a letter identifying Steven V. Cotton as the
27 defendant in this action; setting forth the title and civil action number of this action
28 and the name of this Court; and specifying that payment is made pursuant to this

Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e) and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant is prohibited, for ten years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l* or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: SEPT 29, 2009

HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE